All right, good afternoon. Our last case for our argument today is People v. Nicholson. We have Ms. McCormick for the State Appellate and for Mr. Stedler. Steele? Okay, I couldn't read it. I'm sorry, sir. I want to say your name right. Ms. McCormick. Good afternoon, Mr. Chairman. This is the appeal of an order suppressing evidence that's briefly ours that two detectives observed a moving violation and stopped the defendant a little bit after midnight. They asked for, or Detective Lay asked for identification and insurance card. The defendant couldn't provide proof of insurance. So the reason he was pulled over, that he was told he was pulled over, was improper lane usage. While Detective Lay was writing a warning ticket for improper lane usage and a ticket itself for no proof of insurance, they called for a drug dog, and 13 minutes after they stopped the drug dog, alerted, there was a search based on probable cause because of the dog's alert, and they found a bullet on the floorboard of the driver's side, and the defendant was arrested because he was a known felon. Later on, after the defendant was given a ticket and the warning ticket for improper lane usage, later on, Detective Lay was, he determined because of his supervisor's advice that he had made a mistake. He shouldn't have given a warning ticket for improper lane usage. He should have given a ticket for switching lanes without a turn signal, which is a violation under the Motor Vehicle Code. Anyway, after the evidence that was given on the motion to suppress, the court's order was this. I find no fault with the procedure used to have a police dog sniff the vehicle or the time it took. However, the probable cause the officer stated on the ticket written on the police report supporting that ticket is not sufficient for probable cause to stop. Therefore, the evidence must be excluded. Detective Lay testified that he probably didn't commit the improper lane usage, but both Detective Lay and Detective Jensen testified that they observed the defendant change lanes without using his turn signal, and this is a moving violation, and upon observing that moving violation, they have probable cause to stop. The defendant testified that he was, he thought he had used his turn signal, but he wasn't certain. So, the court didn't make an express ruling on credibility. The court did not find that Detective Lay and Detective Jensen's testimony about observing the moving violation was wrong or are not credible, and if the court had done so, it would have been manifestly erroneous because it was uncontradicted. Even the defendant testified, well, I think I did, but I'm not certain. I believe I did, but I'm not certain. So, really the issue is, it seems like what the court did was say, well, the defendant did not commit the crime of improper lane usage, and the report and what he was given the warning ticket for, they didn't have probable cause to give it. Therefore, it has to be suppressed. And this is erroneous as a matter of law because, one, the officer did not have to ticket or give a warning ticket for the violation that they observed because what happened was, as the stop proceeded, they did have probable cause to arrest him because of the bullet that was found, and they didn't have to ticket him for something lesser. The real bottom line issue is, was the stop reasonable despite this mistake of law? The officer made a mistake of law. He called it improper lane usage, and that was not what he observed. He made a mistake of law and terminology, but he did not ever say he didn't see a moving violation. The correct moving violation was a turn signal violation, not improper lane usage. But that doesn't vitiate, I mean, the fact that he made a mistake of law and gave a warning ticket for improper lane usage doesn't vitiate the fact that looking at the facts as a whole, he had probable cause to stop the defendant. He observed that moving violation. And the court's order suppressing the evidence because the defendant did not commit improper lane usage and because the officer made a mistake of law in giving that warning ticket is just erroneous as a matter of law because the stop itself was reasonable. They did observe that moving violation, the changing of lane throughout a turn signal. And for that reason, this court should reverse the order and remand it for further prosecution. So your argument is what ticket he got is irrelevant to the probable cause? It is. And the ruse, your opponent distinguishes ruse. How do you respond to that distinguishing? He claims that ruse is distinguishable in his brief. If you don't remember, that's fine. He'll tell us. It doesn't matter whether he was ticketed or not ticketed. What matters is the constitutional reasonableness of the stop itself. And it was reasonable because they observed a moving violation. They didn't have to, he didn't have to even give him a warning ticket for the alleged reason for the stop, the improper lane use. Just a mistake. It was a mistake of law. And what he really observed and what the uncontradicted testimony was that he observed that violation, that moving violation of not using the turn signal, that's what the focus of the court should be on, not because he mistakenly gave him a ticket for a wrong offense that did not occur. Because he didn't have to ticket the defendant at all, even for driving without insurance, much less the warning ticket. If there had been no offense, whether it was turn signal or driving with a license revoked or whatever, there would be no offense and then there would be no probable cause to stop. Yeah, if there was no offense observed, then there would be no probable cause and then it would have been an unreasonable stop. Or if he fabricated his reason. That's true. He didn't do that. No, he did not do that. And the defendant himself, his testimony does not directly contradict it. The defendant says, I believe I did, but I'm not certain. So for all those reasons, the court just made a mistake and it should be reversed. It is de novo review on the ultimate question. Did he also say to the police that only like 10% has the lights are on there, tows them out, or sometimes he doesn't do that? Most of the time we go from, on the interstate, go from one to another. A lot of people, they don't do that all the time. That's true. I saw the police said that with 10% of heat, most of the time he didn't do a thing. I recall he said he doesn't usually give a warning ticket for, I mean he doesn't usually make an arrest for not having proof of insurance. I remember that testimony, but I don't recall. But nonetheless, every time you change a lane, every time you move your car from one lane to another and make a turn, you're required by the law to use your turn signal. And it was objectively an offense that he observed in that that's all that matters. All that matters is the reasonableness under the Constitution of the stop. And for that reason, the court made an error. I think you'll have an opportunity for rebuttal, Mr. Steele. May it please the court. Perhaps it would be best to talk first about what this, in our opinion, case is not about. We don't suggest that if the arresting officer had seen a moving violation, that that would not establish either probable cause or reasonable suspicion to make a stop. But I think it is critical in interpreting the court's order to do so in light of the evidence that was presented at the hearing. At the hearing, the evidence was that when the detective lay, then patrol officer lay, I believe, stopped my client, he issued him a warning notice in extra box that said improper lane usage. Right next to that box was another one that said failure to use turn signal. He didn't X that box. When he issued my client a ticket for not having insurance, and on the ticket there was a place to put why the individual was stopped, detective lay put improper lane usage. He did not put failure to use a turn signal. When he prepared his police report shortly after stopping my client, he made no reference to failure to use a turn signal. Said nothing about it. And these all were exhibits that were introduced into evidence. Judge Barra-Civic had those documents in front of him when he issued his order. We would suggest that the evidence supported neither assumption, or let me rephrase that, the evidence does not support, and even detective lay testified, my client did not commit improper lane usage. Nothing he did violated the statute on improper lane usage. We would suggest that a permissible inference is, if you look at the court's order, says probable cause, the officer stated on the ticket written and on the police report, supporting that ticket is not sufficient for probable cause to stop. We believe a permissible inference from the evidence is that the court did not believe detective lay's testimony that my client did not use his turn signal. Recall the evidence that detective lay said that he had a conversation with another detective who wasn't on site, wasn't there at the time of the arrest, who told him essentially, and I'm paraphrasing, that he needed to put something about the turn signal in because he didn't have improper lane usage. We would suggest, and admittedly the order doesn't say this, but we would suggest that what Judge Barra-Civic has done here is drawn an inference that because of the fact that detective lay had ample opportunity to make reference to failure to use a turn signal and did not do so until sometime later in his supplemental police report, that in fact it didn't occur. My client testified that he thought he had used his turn signal. Detective lay and his partner testified he didn't. This, I would suggest, is an issue of fact, and as this court is well aware, a finding of fact cannot be overturned unless it is manifestly erroneous. And we would suggest that the state has not shown that determination to be manifestly erroneous. We believe the court was correct in its decision. We would ask this court not to substitute its determination of credibility for that of Judge Barra-Civic's, and we would ask the court to uphold Judge Barra-Civic's decision. Why don't you articulate your reasons to dispute that the state's reliance upon Roos is distinguishable from this case for us. Yes, sir. And I believe I addressed that in my brief. If I didn't, I should have. Oh, you did. I just want to hear you articulate this for us, please. We believe the facts are distinguishable. In Roos, there really was not much question about the officer's credibility. He was the only witness, as I recall. There was nothing in that record to suggest that he was not credible. I would suggest on this record we have all kinds of evidence of calling into question Detective Lay's testimony, including his own testimony. If you look at how equivocal he was in his testimony and how evasive he was, and not to mention the documentary evidence, I think there is plenty on the record to call his credibility into question. Am I not correct that he's not required to charge a minor violation, but while he's got the stop, he discovers a serious violation, he can charge that? I agree. We're not contested. Is it your position that the trial judge did not make a finding of fact as to the signal, or did he? You're saying if it is a remand, is it for a question of fact? The judge did not, in his order. He didn't rule on it, did he? I think by inference. Admittedly, he doesn't say specifically, I find that this occurred or this did not occur. Admittedly, that's the case. But if you look at what he does say, the rational inference there is that he did not believe Detective Lay's testimony at the hearing. Because Detective Lay testified my client didn't use his turn signal. And, again, we would suggest that the evidence suggests that's not the case, or at least that he was not credible. Thank you. Thank you. Mr. McCormick. The reliance on Bruce is merely for the black letter law, that if the court finds a witness lacks credibility, the court should make this a matter of record. And that's the only thing that the state relies on Bruce for. But this court did not find them incredible. The court did not make any ruling about whether there was a turn signal violation or not. And for that reason, the court below made a mistake as a matter of law in not expanding whether or not the stop itself was reasonable under the Constitution. And, instead, the court focused only on that warning ticket and the report and got confused because the court says the probable cause the officer stated in the ticket written and on the police support supporting that ticket is not sufficient for probable cause to stop. Well, that's true. There was no improper lane usage. That part is true. But the court made a mistake as a matter of law in not looking and focusing in only on the mistake of law that the officer made instead of looking at the testimony, which was uncontradicted, that there was probable cause to stop. There was an observed moving violation. And, you know, the court doesn't find any problem with the procedures that were used after the stop with the dog stamp. I mean, if there's any implication to be drawn from the court's order, it is that the court didn't find fault with the procedure used. The court found fault with the defendant being given a warning ticket for a crime he didn't commit, for a ticket for a violation he did not do. The problem is the court did not look at the fact that there was a reasonable basis under the Constitution for this stop, and that was the turn signal violation. And if the court had made an explicit finding that the officers weren't credible, this would be manifestly erroneous because there's nothing to contradict the officer's testimony. There are two, Detective Lay and Detective Jensen. Detective Lay made the mistake. He's the one who wrote the report. He's the one who did the warning ticket. But, you know, are you going to have collusion between two officers to make up? This is outlandish, outrageous to suggest that they colluded to make up their testimony about the turn signal violation. I mean, there was only one officer who made the mistake in his report. And it is just simply a mistake of law. And as soon as it was pointed out to him, he made a supplemental report. My question goes back to the fact, did the trial court ever make a determination of fact that there was no turn signal? No. So then it is, do they have a duty? Does he, should he do that? Or? He should have made things simpler on review if the court below would have made a finding of fact that there was a turn signal violation. But he couldn't make a finding of fact that there wasn't. He couldn't go the other way. Maybe. Or could he? You got evidence that he thought he did and evidence that he didn't. Maybe he doesn't believe the police or maybe he doesn't believe the other. Is it the trial judge's duty to decide what the facts are? Yes, it's the court's duty below to resolve disputes of fact and to resolve issues of credibility. The court didn't exactly do that in its order. But if the court had made a determination that there was no turn signal violation, it would be manifestly erroneous on the evidence before the court because two officers testified they observed it and the defendant did not affirmatively contradict that. He says, I believe I did, but I'm not certain. On those facts, it would be manifestly erroneous to find that there was no turn signal violation. And if this court, if the court below had made such a finding, it would be manifestly erroneous. Thank you. Thank you both for your briefs and arguments. The court will take the matter under advisement and render its decision. We are in recess until 7 p.m.